11 CIV 4749

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

KENNETH WONG,
BOOKER TYLER JOHNSON,
REGINA JACKSON, individually,
and on behalf of all others similarly
situated who consent to their inclusion;

  Plaintiffs,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,
NOVARTIS CORPORATION,
NOVARTIS SERVICES, INC. and
NOVARTIS FINANCE CORPORATION

  Defendants.

CASE NO.



COLLECTIVE ACTION
REPRESENTATION

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     The Fair Labor Standards Act is our nation's foremost wage law.  The overtime requirements of the Fair Labor Standards Act ("FLSA") were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a workweek beyond the hours fixed in the act. In re Novartis Wage & Hour Litig., 611 F.3d 141, 150 (2d Cir. N.Y. 2010).  It requires minimum wage and overtime pay for certain non-exempt employees. 29 USC Sec. 213

2.     On July 6, 2010, the Second Circuit of the United States told Defendant, Novartis, that its Sales Representatives (referred here as "Reps") that worked various

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami, Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com

times between March 23, 2000 and April 7, 2007 are not exempt from overtime pay under the FLSA. Specifically ruling that Novartis' arguments that Reps fall under the administrative and outside salesman exemption have "*no merit.*" In re Novartis Wage & Hour Litig., 611 F.3d 141, 157 (2d Cir. N.Y. 2010)

3. Plaintiff, KENNETH WONG (referred here as "Wong"), worked as a Sales Representative / Sales Consultant from November 28, 2007 until December 31, 2010 (his technical termination day, however, is February 7, 2011).

4. Plaintiff, BOOKER TYLER JOHNSON (referred here as "Johnson"), worked as a Sales Representative / Sales Consultant from 2002 until December 31, 2010 (his technical termination day, however, is February 7, 2011).

5. Plaintiff, REGINA JACKSON (referred here as "Jackson"), worked as a Sales Representative / Sales Consultant from 2000 until December 31, 2010 (her technical termination day, however, is February 7, 2011).

6. Wong, Johnson, and Jackson (collectively the "Plaintiffs") like their fellow Reps at Novartis and members of this Class, in the past and still to this day:

   a. had no role in planning Novartis' marketing strategy
   b. had no role in formulating the core messages he was to deliver to physicians;
   c. were required to visit a given physician a certain number of times per trimester as established by Novartis;
   d. were required to promote a given drug(s) a certain number of times per trimester as established by Novartis;
   e. were not allowed to deviate from the promotional core message;
   f. were not supposed to answer any questions for which have not been scripted;

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com

7.     Further, Plaintiffs, like their fellow Reps at Novartis and members of the Class, in the past and still to this day:

   a. are required to provide information to doctors in hope that they would prescribe their patients Novartis drugs; yet they
   b. do not obtain orders from drugs with the doctors or anyone or any entity;
   c. do not form contracts for drugs with the doctors or anyone or any entity;
   d. do not engage in any type of sale with the doctors or anyone or any entity for Novartis drugs; and
   e. do not transfer title or ownership of Novartis drugs for anything in value.

8.     Accordingly, Plaintiffs, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendant, NOVARTIS CORPORATION, NOVARTIS FINANCE CORPORATION, NOVARTIS SERVICES, INC., and NOVARTIS PHARMACEUTICALS CORPORATION, (referred to herein collectively as "Novartis" or "Defendants"), for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff (and others similarly situated) overtime compensation and (2) failing to maintain and preserve accurate and true records of all hours worked.

9.     As explained by the Second Circuit in 2010 and through this Complaint, and under applicable wage law, the Defendants' employees given the title of "Sales Representative" (or certain related titles) are entitled to overtime compensation but were not paid overtime during the time period proposed in this Collective Action.

10.    Said another way, Novartis improperly classified Reps as exempt employees in an attempt to circumvent paying overtime, however, their work duties dictate that they should have been classified, and compensated, as non-exempt employees.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com

## CLASS DEFINITION AND RELIEF SOUGHT

**11.** This collective action is to recover from Novartis overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiffs and similarly situated persons composed of:

> All Novartis Sales Representatives, Sales Consultants, Senior Sales Consultants, and/or Executive Sales Consultants who worked for the company as employees in the past three years preceding this lawsuit (*i.e.* July 8, 2008) to the day of trial, and elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for such time.

## JURISDICTION AND VENUE

**12.** This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive.

**13.** This Court has personal jurisdiction over this action because the Defendant, Novartis Corporation is a corporation doing business within the state of New York with its principal place of business and headquarters in New York (specifically 608 Fifth Avenue, New York, New York, 10020), Defendant, Novartis Finance Corporation, is a corporation doing business within the state of New York with its principal place of business and headquarters in New York (specifically 608 Fifth Avenue, New York, New York, 10020), Defendant, Novartis Services, Inc., is a corporation doing business within the state of New York with its principal place of business and headquarters in New York (specifically 608 Fifth Avenue, New York, New York, 10020) and Defendant, Novartis Pharmaceuticals Corporation is a wholly-owned operating division of Novartis

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com

Corporation with offices in New York. All of the Defendants are engaged in business within the state of New York.

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. 1391.

## THE PARTIES

### KENNETH WONG

15. At all times relevant to this action, Representative Plaintiff, Kenneth Wong, resided in Broward County, Florida.

16. At all times relevant to this action, Wong worked for NOVARTIS.

17. At all times relevant to this action, Wong, and all other members of the proposed FLSA collective action, were employees of NOVARTIS within the meaning of 29 U.S.C. § 203(e)(1).

18. Wong worked as a Sales Representative for Novartis from November 28, 2007 until December 31, 2010 (his technical termination day, however, is February 7, 2011).

19. For purposes of the collective action, Wong consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

20. At all times relevant to this action, NOVARTIS employed Wong, and all other members of the proposed FLSA collective action, within the meaning of 29 U.S.C. § 203(g).

### BOOKER TYLER JOHNSON

21. At all times relevant to this action, Representative Plaintiff, Booker Tyler Johnson, resided in Broward County, Florida.

22. At all times relevant to this action, Johnson worked for NOVARTIS.

23. At all times relevant to this action, Johnson, and all other members of the proposed FLSA collective action, were employees of NOVARTIS within the meaning of 29 U.S.C. § 203(e)(1).

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com

24. Wong worked as a Sales Representative for Novartis from 2002 until December 31, 2010 (his technical termination day, however, is February 7, 2011).

25. For purposes of the collective action, Johnson consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

26. At all times relevant to this action, NOVARTIS employed Johnson, and all other members of the proposed FLSA collective action, within the meaning of 29 U.S.C. § 203(g).

## REGINA JACKSON

27. At all times relevant to this action, Representative Plaintiff, Regina Jackson, resided in Broward County, Florida.

28. At all times relevant to this action, Jackson worked for NOVARTIS.

29. At all times relevant to this action, Jackson, and all other members of the proposed FLSA collective action, were employees of NOVARTIS within the meaning of 29 U.S.C. § 203(e)(1).

30. Jackson worked as a Sales Representative for Novartis from 2000 until December 31, 2010 (her technical termination day, however, is February 7, 2011).

31. For purposes of the collective action, Jackson consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

32. At all times relevant to this action, NOVARTIS employed Jackson, and all other members of the proposed FLSA collective action, within the meaning of 29 U.S.C. § 203(g).

## DEFENDANTS

33. Defendant, Novartis Pharmaceuticals Corporation, is a for-profit corporation organized and existing under the laws of Delaware, with its principle place of business at 59 Route 10, East Hanover, New Jersey. It engages in business in New York and

has offices in New York. It is a wholly owned operating division of Novartis Corporation. It is incorporated in Delaware.

34. Defendant, Novartis Corporation is a corporation doing business in New York, with its principal place of business and headquarters in New York (specifically 608 Fifth Ave, NY, NY 10020).

35. Defendant, Novartis Finance Corporation, is a corporation doing business within the state of New York with its principal place of business and headquarters in New York (specifically 608 Fifth Avenue, New York, New York, 10020). It is a wholly-owned subsidiary of Novartis Corporation.

36. Defendant, Novartis Services, Inc., is a corporation doing business within the state of New York with its principal place of business and headquarters in New York (specifically 608 Fifth Avenue, New York, New York, 10020). It is a wholly-owned subsidiary of Novartis Corporation.

37. Defendants Novartis Corporation, Novartis Finance Corporation and/or Novartis Services, Inc. direct the operation and decision-making of their wholly-owned subsidiary, Novartis Pharmaceuticals Corporation, and also maintain interrelationship of operation, centralized control of labor relations, common management and/or common ownership and financial control with and over Novartis Pharmaceuticals Corporation. All of the named defendants actively participated in committing the wrongful acts alleged herein.

38. At all relevant times, the unlawful conduct against the Plaintiffs and Class members as described in each and all of the foregoing paragraphs were actuated, in whole or in part, by a purpose to serve the Defendants.

39. The Defendants employ hundreds of Reps (or more) throughout the United States.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com

**40.** Novartis has substantial business throughout the country which subjects it to enterprise coverage under the FLSA.

**41.** Novartis had more than $500,000 in revenues for the year of 2007, 2008, 2009, and 2010.

**42.** At all relevant times, Novartis has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

**43.** Novartis is subject to the FLSA.

## GENERAL ALLEGATIONS

**44.** Plaintiffs and members of the Class were/are forced to work overtime hours, every week.

**45.** Plaintiffs and all other members of the proposed collective action, were employees of Novartis within the meaning of 29 U.S.C. § 203(e)(1).

**46.** Plaintiffs and members of the Class were misclassified by Novartis as exempt employees under the title "Sales Representative" or similar titles.

**47.** Reps were paid on a salary and commission basis, irrespective of the hours actually worked.

## DUTIES DICTATE THAT NO EXEMPTION APPLIES HERE

**48.** FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1).

**49.** The Act exempts certain employees from the overtime requirements but it is the employees duties, not job title, that dictate whether he or she is entitled to an exemption.

Feldman, Fox & Morgado | 100 N. Biscayne Blvd. | Suite 2902 | Miami | Florida | 33132 | PH 305-222-7850 | www.in-houselegalcounsel.com